Carr, J.
The counsel for the appellant, in the argument, confined himself to the bill of exceptions taken to the refusal of the court to grant a new trial, which contains a statement of the facts proved at the trial, certified by the judge.
The suit was brought in 1826. The declaration charged fraud and deceit practised by the defendant on the plaintiff, in the sale of a female slave in 1811. The pleas were not guilty, and “ the statute of limitationson both which issue was directly taken.
It was contended, by the appellant’s counsel, that the evidence shewed a case, which, on the plea of the statute, proved the verdict to be against both law and evidence; and, consequently, that the court erred in not granting a new trial. I was exceedingly struck with the argument of the appellee’s counsel in reply, and was strongly inclined to believe with him, that the statute could not fun in such a case till the fraud was discovered. But an examination of the cases has compelled me to think, that, in the actual state of the pleadings, the decision refusing the new trial was .wrong. The statute says, “ the action shall be brought within five years next after the cause of such action or suit and not after.” The question then is, when did the action accrue? It seems to me, that it must be said to have accrued when *480 the fraud in the sale was perpetrated. Suppose, that in a month after he had received the slave, and paid his purchase money, the plaintiff had discovered the cheat; could he not instantly have brought suit for it? What should prevent him? Could the defendant ward off the action by pleading that the plaintiff had received no injury, and possibly never might? surely, not: the injury was in the fraud; •in selling him a slave out and out, to which he knew his mother had no title longer than her life. This doctrine is held, explicitly, in many cases cited at the bar. I do not undertake to decide, how the question would have been, if to the plea of the statute, the plaintiff had replied, that the defendant had fraudulently and deceitfully concealed from him the cheat he had practised upon him ; and that the suit was brought within five years after the discovery. In that case, there must have been either a demurrer, which would confess the fact, and put the case upon the law; or an issue, and then the fact would be directly in issue. But here, the issue is different; it is taken directly upon the statute; that is, upon the question, whether the suit was brought within five years after the cause of action arose. I think the judgement should be reversed, and the cause sent back for a new trial, when the plaintiff may move to amend his pleadings, if he shall be so advised.
Cabell and Brooke, J. concurred.
Tucker, P. Our first attention, in this case, must be turned to the state of the pleadings. (He stated them). Upon the trial of the issues a verdict was rendered for the plaintiff upon which the defendant moved for a new trial.
If the plea of the defendant be an immaterial plea, it is obvious, that no new trial ought to be granted ; for it would be vain and futile to award a new trial for an immaterial matter; of a matter which, even if found for the defendant, could not entitle him to a judgement. But here, the plea of “ the statute of limitations,” only seems to be an informal, *481 and not an immaterial plea. Tf pleaded formally, it would be a bar; and, accordingly, we find it was so considered in Cook v. Darby, 4 Munf. 444. That was trespass on the case against a common carrier for embezzlement; pleas, not guilty and “ the act of limitations” in those words only, and issue : the plaintiff’s evidence proved embezzlement fifteen years before the action: the defendant moved the court to instruct the jury, that the statute of limitations barred the action; but the court instructed the jury, that the statute did not apply: exceptions were taken, and a supersedeas allowed by this court. The appellant’s counsel contended, that the statute did not apply to the case, as the declaration charged a fraud : but the court, nemine dissentienie, reversed the judgement, on the express ground that the statute ■well applied to the case. Now, this could not have been, if the court had not considered the plea, as pleaded, a material and substantial plea, however informal. It was expressly assailed as being defective, and was likened to the plea of “justification,” which it is admitted is not good; Kirtley v. Deck, 3 Hen. & Munf. 388. But the objection did not prevail; the distinction, indeed, being evident, between the plea of “ the statute of limitations,” which offers a distinct and specific ground of defence, without any thing more, and the plea of “justification,” which unless carried out, is utterly nugatory. The first gives the plaintiff fair and full notice of the defence set up; whereas the second subserves no purpose of pleading, as it does not give notice of the character of the ‘‘ justification,” on which the defendant will rely. Kerr v. Dixon, 2 Call 319. It is true, that in the case of Henderson v. Foote's ex'ors, 3 Call 248. the court seemed to think, that the plea of non assumpsit within five years, referred to the time of the plea, according to the decision of Smith v. Walker, 1 Wash. 135. and that it was, therefore, an immaterial plea ; but as, in every case, it is not held to be the settled rule that “ actio non" goes to the commencement of the action, the plea ought certainly not to have been gratuitously considered as violating this *482 rule. If the short minute of the plea is to be considered as sufficient after verdict, it is because the court will intend it to be carried out into proper form. It certainly would not intend it to be extended into an improper form, unless its terms required it. This case, therefore, must yield to the case of Cook v. Darby; and the rather, as it does not seem to have been much considered, nor was the point essential to be decided.
Taking the plea as substantially good, there is no doubt that it was fully sustained by the evidence. For, in an action of deceit in the sale of property, the cause of action arises at the instant; and the plaintiff might, in this case, have sued the next day after the perpetration of the fraud, and have recovered his damages to the value of the purchase money paid. The numerous authorities cited at the bar to this point, are satisfactory and conclusive: I shall only mention, particularly, Battley v. Faulkner, Short v. M’Carthy, and Howell v. Young. In this last case Holroyd, J. says, “ whether the plaintiff elects to sue in one form of action or another [either for a breach of promise, or for a breach of duty\ the cause of action, which in either form is substantially the same, accrued at the same moment of time : and the breach of promise, or of duty, took place as soon as the defendant took insufficient security.” In the case before us, therefore, the plaintiff might have brought his action the day after the sale, and recovered damages, if he had then known of the defect of title and the fraud practised on him.
But it is said, he did not know it; that it does not appear that the fraud was discovered more than five years before the suit brought; and that, therefore, the bar of the statute does not apply. Had the plaintiff replied that matter, I should have been unwilling to disturb the verdict on the ground of the statute. But he has not done so. He has joined issue on the plea, instead of replying the matter which would have avoided it. He cannot, therefore, avail himself of this matter in avoidance of the statute. He ought to *483 have replied it, that the defendant might have taken issue on the fact of discovery. JYon constat but that the defendant might, if he had been called upon to do so by such a replication, have proved the knowledge on the part of the plaintiff, of the defect of title, on the next day after the sale. On general principles, it is as necessary that the defendant should be informed by the replication of the particular avoidance of the statute, in order that he may rebut it, as that the plaintiff should be informed of the ground of defence by plea, that he may be prepared to meet it. Nothing is more clear than that exceptions to the statute must always be replied, or any other matter which avoids its influence. Bogle v. Conway’s ex’ors, 3 Call 1. In Clark v. Hougham, 2 Barn. &c Cress. 149. the plea was non assumpsit within six years; replication, that the defendant did assume within six years. Bailey, J. said, in reference to certain evidence given in the case, “ The question how far fraud may prevent the operation of the statute of limitations, does not properly arise in this case. On the form of the replication adopted, the only question is, when did the cause of action accrue? In order to take advantage of the fraud, there should have been a special replication.” And of the same opinion were the other judges.
I am therefore of opinion, that the statute was a good bar to the action, and was sustained by the evidence. The verdict being, then, against the evidence, should be set aside, and a new trial awarded. When the verdict is set aside, the plaintiff may have leave to withdraw bis informal replication, and reply that the fraud was discovered within five years before the commencement off.the action, which would be, I think, a sufficient answer to the plea. Bree v. Holbech, 2 Doug. 632. Booth v. Earl of Warrington, 4 Bro. P. C. Tomlin’s edi. 163.
Judgement reversed.*

This case, as the reporter is informed, had been compromised between tiie parties, before the hearing of it in this court.